IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>THE FINOVA GROUP INC.,<br>FINOVA CAPITAL CORPORATION,<br><br>        Reorganized Debtors. | § § § § § § § § § § | Chapter 11<br><br>Case Nos. 01-0698 (PJW)<br><br>Jointly Administered<br><br>**Re: Docket Nos. 48, 93, 205 and 225** |

## NOTICE OF CROSS APPEAL

PLEASE TAKE NOTICE that the FINOVA Group, Inc. and FINOVA Capital Corporation (together, the "Reorganized Debtors"), the above-captioned Reorganized Debtors, hereby appeal under 28 U.S.C. § 158(a)(1) and pursuant to Fed. R. Bankr. P. 8002(a) from (i) the *Order Pursuant to Section 327(E) of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses Which Can be Incurred on Behalf of the Equity Committee* [Docket No. 225], dated July 6, 2007; (ii) the *Order Pursuant to Section 328 of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses which Can be Incurred on Behalf of the Equity Committee* [Docket No. 205], dated February 6, 2007; (iii) the *Order Pursuant to Section 328 of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses which Can be Incurred on Behalf of the Equity Committee* [Docket No. 93], dated December 30, 2005 and (iv) the *Order Directing the Office of the United States Trustee to Appoint an Official Committee of Equity Security Holders for a Limited Purpose and Granting Related Relief* [Docket No. 48], dated June 16, 2005.

The names of all parties to the Orders appealed from and the names, addresses, and telephone numbers of their respective attorneys are set forth below:

| | |
|---|---|
| Official Committee of Equity Security Holders | William D. Sullivan<br>William D. Sullivan, LLC<br>4 East 8th Street, Suite 400<br>Wilmington, Delaware 19801<br>Telephone: (302) 428-8191<br><br>Mark D. Silverschotz<br>James Andriola<br>Anderson Kill & Olick, P.C.<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 278-1000 |
| Office of the United States Trustee | David Buchbinder<br>George M. Conway<br>Office of the United States Trustee<br>844 King Street, Suite 2207<br>Lock Box 35<br>Wilmington, Delaware 19801<br>Telephone: (302) 573-6491 |
| Leucadia | Martin J. Bienenstock<br>Weil Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000 |
| Bank of New York, as Indenture Trustee for Finova Group Inc.'s Bonds | Howard A. Cohen<br>Reed Smith LLP<br>1201 N. Market Street, Suite 1500<br>Wilmington, Delaware 19801<br>Telephone: (302) 778-7500 |
| Reorganized Debtors | Mark D. Collins<br>Jason M. Madron<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P. O. Box 551<br>Wilmington, Delaware 19899<br>Telephone: (302) 651-7700<br><br>Jonathan M. Landers<br>Robert K. Dakis<br>Gibson, Dunn & Crutcher LLP<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 351-4000 |

Dated:  July 16, 2007
        Wilmington, Delaware

                    **RICHARDS, LAYTON & FINGER, P.A.**

                    */s/ Jason M. Madron*

                    Mark D. Collins (No. 2981)
                    Jason M. Madron (No. 4431)
                    One Rodney Square
                    P. O. Box 551
                    Wilmington, Delaware  19899
                    Telephone:  (302) 651-7700
                    Telecopy:  (302) 651-7701

                    -and-

                    **GIBSON, DUNN & CRUTCHER LLP**
                    Jonathan M. Landers
                    Robert K. Dakis
                    200 Park Avenue
                    New York, New York  10166
                    Telephone:  (212) 351-4000
                    Telecopy:  (212) 351-4035

                    *Co-Counsel to the Reorganized Debtors*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

**APPEAL TRANSMITTAL SHEET**

Case Number: _____  ○ BK   ○ AP
   If AP, related BK Case Number: _____

Title of Order Appealed:
_____
     Docket Number: _____   Date Entered: _____

Item Transmitted:  ○ Notice of Appeal          ○ Motion for Leave to Appeal
                ○ Amended Notice of Appeal  ○ Cross Appeal
                Docket Number: _____    Date Filed: _____

*Appellant/Cross Appellant:                    *Appellee/Cross Appellee
_____     _____
Counsel for Appellant:                         Counsel for Appellee:
_____     _____
_____     _____
_____     _____
_____     _____

*If additional room is needed, please attach a separate sheet.

Filing Fee paid?   ○ Yes   ○ No

IFP Motion Filed by Appellant?   ○ Yes   ○ No

Have Additional Appeals to the Same Order been Filed?   ○ Yes   ○ No
   If so, has District Court assigned a Civil Action Number?   ○ Yes   ○ No   Civil Action # _____

Additional Notes:
_____

_____          By: _____
Date                                        Deputy Clerk

_____
                                                                         FOR USE BY U.S. BANKRUPTCY COURT
Bankruptcy Court Appeal (BAP) Number: _____
7/6/06

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FINOVA CAPITAL CORPORATION | : | Case Nos. 01-0698 (PJW) |
| | : | |
| Reorganized Debtor | : | Jointly Administered |
| | : | |
| | : | RE: Docket No. 224, 196, 194 |

### ORDER PURSUANT TO SECTION 327(E) OF THE BANKRUPTCY CODE INCREASING THE CAP PREVIOUSLY IMPOSED ON FEES AND EXPENSES WHICH CAN BE INCURRED ON BEHALF OF THE EQUITY COMMITTEE

Upon the application (the "Application") of the Official Committee of Equity Security Holders (the "Equity Committee"), on behalf of the shareholders (the "Equity Holders") of Finova Group, Inc., the corporate parent of the above-captioned reorganized debtor (the "Reorganized Debtor"), for an order, pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code), increasing the aggregate limit placed by this Court on the amount of fees and expenses that the Equity Committee and its professionals are authorized to incur in responding to and addressing the issues raised in the Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 22] (the "Clarification Motion"), and the Court being satisfied, based upon the representations made in the Application, that the relief requested therein is in the best interest of the Reorganized Debtor and the Equity Holders; and it further appearing that appropriate Notice of the Application has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the aggregate limit placed on the amount of fees and expenses that the Equity Committee and its professionals are authorized to incur in responding to the

NYDOCS1-846323.1

Clarification Motion is hereby increased from $300,000 to $388,813 and, notwithstanding any limitations on the use of the funds within the aggregate limit referenced in the Court's order of February 6, 2007, all funds within such aggregate limit may be used for, among other things, reimbursement of the outstanding fees and expenses of the Equity Committee's counsel, and it is further

**ORDERED** that the Reorganized Debtor shall be responsible for the payment of the fees and expenses incurred by the Equity Committee's professionals up to the aggregate limit set forth in this Order, and it is further

**ORDERED** that the Reorganized Debtor's liability for the Equity Committee's and/or its professionals' fees and expenses shall not exceed $388,813 absent further order of the Court; and it is further

**ORDERED** that this Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: July, 6, 2007
       Wilmington, Delaware

                                              HONORABLE PETER J. WALSH
                                              UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**FINOVA CAPITAL CORPORATION,**<br><br>Reorganized Debtor. | Chapter 11<br><br>Case Nos. 01-0698 (PJW)<br><br>Re: Docket Nos. 33, 35 and 39 |

**ORDER DIRECTING THE OFFICE OF THE UNITED
STATES TRUSTEE TO APPOINT AN OFFICIAL COMMITTEE
OF EQUITY SECURITY HOLDERS FOR A
LIMITED PURPOSE AND GRANTING RELATED RELIEF**

This matter coming before the Court on the Motion of Eugene Linden for an Order Which Recognizes the Continued Existence of the Official Committee of Equity Holders, or in the Alternative for the Reconstitution of the Equity Committee, for the Limited Purpose of Responding to the Debtors' Motion for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 33] (the "Motion"); and Rozann Chernov having filed a joinder to the Motion [Docket No. 35] (the "Joinder"); and the above-captioned reorganized debtor (the "Reorganized Debtor") having objected to the relief sought in the Motion [Docket No. 39] (the "Objection"); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and a hearing on the Motion, the Joinder and the Objection having been held before the Court on June 10, 2005 (the "Hearing"); and after due deliberation and good and sufficient cause appearing therefor,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 105(a) of title 11 of the United States Code, the Office of the United States Trustee for the District of Delaware is hereby directed, pursuant to 11 U.S.C.

RLF1-2886472-6

§ 1102, to appoint an Official Committee of Equity Security Holders (the "Equity Committee") in the above-captioned chapter 11 case for the limited and exclusive purpose of reviewing and, if it deems appropriate, objecting to the Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying the Provision of Confirmed Plan [Docket No. 22] (the "Clarification Motion").

      3.    Within 7 days of its selection, counsel for the Equity Committee shall meet and confer with counsel for the Reorganized Debtor with respect to a schedule for additional briefing and a hearing on the Clarification Motion.

      4.    The Reorganized Debtor shall be responsible for the satisfaction of the allowed fees and expenses incurred by the Equity Committee and its professionals (including, without limitation, its attorneys, accountants, investment bankers and other advisors) in responding to the Clarification Motion; provided, however, that in no event shall the Reorganized Debtor's liability for the Equity Committee's or its professionals' fees and expenses exceed $100,000 absent further order of the Court.

      5.    This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: _June 15_, 2005
Wilmington, Delaware

                                                THE HONORABLE PETER J. WALSH
                                                UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FINOVA CAPITAL CORPORATION | : | Case Nos. 01-0698 (PJW) |
| | : | |
| Reorganized Debtor | : | Jointly Administered |
| | : | |
| | : | **Related to: D.I. 69** |
| | : | |

**ORDER PURSUANT TO SECTION 328 OF THE
BANKRUPTCY CODE INCREASING THE CAP
PREVIOUSLY IMPOSED ON FEES AND EXPENSES
WHICH CAN BE INCURRED ON BEHALF OF THE EQUITY COMMITTEE**

Upon the application (the "Application") of the Official Committee of Equity Security Holders (the "Equity Committee"), on behalf of the shareholders (the "Equity Holders") of Finova Group, Inc., the corporate parent of the above-captioned reorganized debtor (the "Reorganized Debtor"), for an order, pursuant to section 328 of title 11 of the United States Code (the "Bankruptcy Code), increasing the aggregate limit initially placed by this Court on the amount of fees and expenses that the Equity Committee and its professional are authorized to incur in responding to the Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 22] (the "Clarification Motion"), and the Court being satisfied, based upon the representations made in the Application, that the relief requested therein is in the best interest of the Reorganized Debtor and the Equity Holders; and it further appearing that appropriate Notice of the Application has been given, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefore, it is

**ORDERED** that the initial aggregate limited placed on the amount of fees and expenses that the Equity Committee and its professionals are authorized to incur in responding to the Clarification Motion is hereby increased to $200,000; and it is further

**ORDERED** that the Reorganized Debtor's liability for the Equity Committee's and/or its professionals' fees shall not exceed $200,000 absent further order of the Court; and it is further

**ORDERED** that this Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: December 30, 2005
       Wilmington, Delaware

                                      HONORABLE PETER J. WALSH
                                      UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FINOVA CAPITAL CORPORATION, | : | Case Nos. 01-0698 (PJW) |
| | : | |
| Reorganized Debtor. | : | (Jointly Administered) |
| | : | |

### ORDER (Related Dkt. Item No. 194)

This matter coming before the Court on the *Application for an Order, Pursuant to Section 327(E) of the Bankruptcy Code and Fed.R.Bankr.P.2017, Increasing the Cap on Fees and Expenses Which Can Be Incurred on Behalf of the Equity Committee* (the "Motion") and the *Request for Entry of Final Order in Clarification Motion Contested Matter* ("Request"); the Court having reviewed the Motion, the responses to the Motion and Request, and all related pleadings; and having heard the statements of counsel and the testimony of Richard Ross with respect thereto at a hearing held before the Court on January 29, 2007 (the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish sufficient cause for the limited relief granted herein; and for the reasons stated by the Court on the record at that Hearing,

IT IS HEREBY ORDERED as follows:

1. The Motion is Granted to the extent set forth below.

2. The current aggregate limit placed on the amount of fees and expenses that the Equity Committee and its professionals are authorized to incur in responding to the *Motion of the Reorganized Debtor for an Order under Bankruptcy Code Section 1141 Clarifying the Provision of the Confirmed Plan* [D.I. 22] and the *Reorganized Debtor's Request for Entry of Final Order in Clarification Motion Contested Matter* [D.I. 196] is hereby increased to $300,000 for the sole

purpose of the Equity Committee retaining a financial consultant (the "Financial Consultant") to evaluate the Reorganized Debtor's contention that it is presently insolvent and will remain insolvent permanently. No part of this incremental increase in the aggregate limit shall be used for reimbursement of the outstanding fees and expenses of the Equity Committee's counsel.

3. The Reorganized Debtor shall be responsible for the payment of the fees and expenses incurred by the Financial Consultant who shall submit requests for payment of such fees and expenses to the Reorganized Debtor on a monthly basis.

4. On or before March 30, 2007, the Financial Consultant will provide the Equity Committee and the Debtors with his opinion and/or report with respect to the Reorganized Debtor's contention that it is presently insolvent and will remain insolvent permanently.

5. The Court will hold a status conference on both the Motion and the Request following the Financial Consultant's report to the Equity Committee. The status conference will be scheduled at the convenience of the parties.

6. With respect to the request for an increase in aggregate limit on the attorneys' fees and expenses incurred by the Equity Committee, counsel to the Equity Committee is directed to submit its outstanding invoices for fees and expenses to the Reorganized Debtor for review. The Court will consider matters relating to that part of the Motion seeking reimbursement of the Equity Committee's outstanding attorneys' fees and the Request of the Reorganized Debtors at the status conference to be scheduled pursuant to the previous paragraph.

7. This Court shall retain jurisdiction to interpret and enforce the terms of this Order.

Dated: __Feb. 6__, 2007
Wilmington, Delaware

_____
The Honorable Peter J. Walsh
United States Bankruptcy Judge