IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| THE FINOVA GROUP INC., | § | Case Nos. 01-0698 (PJW) |
| FINOVA CAPITAL CORPORATION, | § | |
| | § | Jointly Administered |
| Reorganized Debtors. | § | |
| | § | Re: Docket Nos. 48, 93, 205, 225, 231 and 233 |

### DESIGNATION OF ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL AND STATEMENT OF ISSUES ON CROSS-APPEAL

PLEASE TAKE NOTICE that the FINOVA Group, Inc. and FINOVA Capital Corporation (together the "Debtors"), the above-captioned Reorganized Debtors, hereby submits, pursuant to Bankruptcy Rule 8006, this designation of additional items to be included in the record on appeal regarding the appeal by the Official Committee of Equity Security Holders (the "Equity Committee") of the bankruptcy court's Order dated June 26, 2007 [Docket No. 220] granting the Debtors' Motion requesting clarification of its confirmed plan of reorganization and statement of issues on the Debtors' cross-appeal of the bankruptcy court's orders reconstituting the Equity Committee and increasing its expense cap.

### DESIGNATION OF ADDITIONAL ITEMS FOR RECORD ON APPEAL[1]

| Docket No. | Description |
|---|---|
| Docket No. 100 | Order Confirming the Third Amended and Restated Joint Plan of Reorganization of Debtors Under Chapter 11 of the Bankruptcy Code, dated August 9, 2001 [Case No. 01-0687] |

---

[1] This designation of items is in addition to any record items listed in *Appellant's Designation of Documents for the Record and Statement of Issues on Appeal* [Docket No. 233], filed July 16, 2007.

| Docket No. | Description |
|---|---|
| Docket No. 23 | Debtors' Motion to Approve Form and Manner of Notice and to Limit Notice of the Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan, dated April 1, 2005 |
| Docket No. 25 | Order Approving Form and Manner of Notice and to Limit Notice of the Motion of the Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan, signed April 6, 2005 |
| Docket No. 34 | Joinder of Rozann Chernov in First Carolina Investors, Inc.'s Motion for Continuance of Objection Deadline and Hearing on Debtors' Motion for An Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan, dated May 31, 2005. |
| Docket No. 35 | Joinder of Rozann Chernov in Eugene Lindin's Motion for An Order Which Recognizes the Continued Existence of the Official Committee of Equity Holders, or In the Alternative, For the Reconstitution of the Equity Committee, For The Limited Purpose of Responding to the Debtors' Motion for An Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan, dated May 31, 2005 |
| Docket Nos. 38, 41 | Objection of First Carolina Investors Inc. to Motion of Reorganized Debtor for an Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan, dated June 3, 2005 |
| Docket No. 69 | The Official Committee of Equity Security Holders' Application for an Order, Pursuant to Section 328 of the Bankruptcy Code and Fed. R. Bankr. P. 2014, increasing the Cap on Fees and Expenses Which can be Incurred on Behalf of the Equity Committee, dated November 11, 2005 |
| Docket No. 71 | Debtors' Response to Application of Equity Committee to Increase Cap on Fees and Expenses, dated November 22, 2005 |
| Docket No. 93 | Order Increasing the Cap Previously Imposed on Fees and Expenses Which Can be Incurred on Behalf of the Equity Committee, dated 12/30/05 |
| Docket No. 177 | Motion to Approve Compromise Under Rule 9019 Re: Thaxton Litigation (ii) Approving the Ongoing Sale of the Reorganized Debtors' Remaining Assets, the Windup of the Reorganized Debtors' Operations and the Future Dissolution of Reorganized Debtors, (iii) Reopening FINOVA Group's Chapter 11 Case and (iv) Channeling Claims Related to the Reorganized Debtors' Chapter 11 Plan into the Court, dated November 10, 2006 |

| Docket No. | Description |
|---|---|
| Docket No. 191 | Order Pursuant to Sections 105(a), 350(b), and 1142 of the Bankruptcy Code and Rules 3020(d), 5010, and 9019 of the Federal Rules of Bankruptcy Procedure (i) Approving Settlement of Thaxton Litigation, Approving the Ongoing Sale of the Reorganized Debtors' Remaining Assets, the Windup of the Reorganized Debtors' Operations and the Future Dissolution of Reorganized Debtors, (iii) Reopening FINOVA Group's Chapter 11 Case and (iv) Channeling Claims Related to the Reorganized Debtors' Chapter 11 Plan into the Court, dated December 4, 2006 |
| Docket No. 195 | Transcript of Hearing Held on December 4, 2006, before the Honorable Peter J. Walsh, entered January 4, 2007 |
| Docket No. 222 | Motion of the Official Committee of Equity Security Holders Pursuant to Federal Rule of Bankruptcy Procedure 8005 for a Stay Pending Appeal of the Bankruptcy Court's Order Granting Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan, dated June 28, 2007 |
| Docket No. 228 | Objection to Motion of the Official Committee of Equity Security Holders Pursuant to Federal Rule of Bankruptcy Procedure 8005 for a Stay Pending Appeal of the Bankruptcy Court's Order Granting Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan, dated July 11, 2007 |
| Docket No. 231 | Notice of Cross Appeal, dated July 16, 2007 |

## STATEMENT OF ISSUES ON CROSS APPEAL

1.  Whether the Bankruptcy Court erred in granting the Motion for an Order which Recognizes the Continued Existence of the Official Committee of Equity Security Holders, or in the Alternative for the Reconstitution of the Equity Committee, for the Limited Purpose of Responding to the Debtors' Motion for and Order Under Bankruptcy Code Section 1141 Clarifying Provision of Confirmed Plan [Docket No. 33] (the "Equity Committee Motion") by either (i) reconstituting the Equity Committee for the limited purpose of responding to the Clarification Motion or (ii) requiring the Debtors to pay up to $100,000 of fees and expenses of the Equity Committee (the "Fee Cap").

2.  Whether the Bankruptcy Court erred by entering orders granting motions of the Equity Committee to (a) increase the Fee Cap from $100,000 to $200,000, (b) further increase the Fee Cap from $200,000 to $300,000, and (c) further increase the Fee Cap from $300,000 to $388,813.

3.  Whether the Bankruptcy Court should have conducted an evidentiary hearing before ordering the increase in the Fee Cap described in Question 2(c) above.

4.  Whether the Bankruptcy Court violated the absolute priority rule and fair and equitable principles of bankruptcy law by (i) reconstituting the Equity Committee or (ii) increasing the Fee Caps.

Dated: July 26, 2007
Wilmington, Delaware

/s/ Mark D. Collins

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Telecopy: (302) 651-7701

-and-

Jonathan M. Landers
Robert K. Dakis
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Telecopy: (212) 351-4035

*Co-Counsel to the Reorganized Debtors*