IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>THE FINOVA GROUP INC.,<br>FINOVA CAPITAL CORPORATION,<br><br>    Reorganized Debtors. | ) Chapter 11<br>)<br>) Case No. 01-00698 (PJW)<br>)<br>) Jointly Administered<br>)<br>) |
| Finova Group Inc. and<br>Finova Capital Corporation,<br><br>    Appellants,<br><br>v.<br><br>Official Committee of Equity Security<br>Holders,<br><br>    Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 07-487 (JJF)<br>)<br>)<br>) Bankruptcy Case No. 01-00698<br>) AP 07-74<br>)<br>) |

**OBJECTION OF FINOVA GROUP, INC. AND FINOVA
CAPITAL CORP. TO MOTION TO DISMISS APPEAL**

Dated: October 4, 2007
    Wilmington, Delaware

Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

-and-

Jonathan M. Landers
Robert K. Dakis
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166

*Co-Counsel to the Reorganized Debtors, Appellants*

RLF1-3209210-1

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

    I.      Preliminary Statement ............................................................................................ 1

    II.     The Debtors Timely Appealed the Equity Committee Order Because
           It Was Not a Final Order ......................................................................................... 2

    III.    The Debtors' Properly Appealed the Fee Cap Orders. ........................................... 5

CONCLUSION ............................................................................................................................ 7

# TABLE OF AUTHORITIES

## CASES

*In re Armstrong World Indus., Inc.*, 432 F.3d 507 (3d Cir. 2005) ............................................. 2,3

*Brouwer v. Ancel & Dunlap (In re Firstmark Corp. & Capitol Sec.)*,
46 F.3d 653 (7th Cir. 1995) ......................................................................................................... 6

*Cluck v. Osherow (In re Cluck)*, 101 F.3d 1081 (5th Cir. 1996) .................................................. 6

*In re Johns-Manville Corp.*, 824 F.2d 176 (2d Cir. 1987) ............................................................ 3

*Natale v. French & Pickering Creeks Conservation Trust, Inc. (In re Natale)*, 295 F.3d
375 (3d Cir. 2002) ................................................................................................................... 2, 7

*In re Northwestern Corp.*, 319 B.R. 68 (D. Del. 2005) ................................................................ 3

*Novak v. Teitlebaum, Braverman & Borges, P.C. (In re Novak)*, 2004 WL 2338126 (2d
Cir. Oct. 15, 2004) ....................................................................................................................... 5

*In re Spillane*, 884 F.2d 642 (1st Cir. 1989) ............................................................................ 5, 6

*Victor v. Edison Bros. Stores, Inc. (In re Edison Bros. Stores, Inc.)*, 1996 WL 363806
(D. Del. June 27, 1996) ............................................................................................................... 3

*In re Victory Markets, Inc.*, 195 B.R. 9 (N.D.N.Y. 1996) ............................................................ 3

*In re White Beauty View, Inc.*, 841 F.2d 524 (3d Cir. 1988) ....................................................... 7

*In re Williams*, 357 B.R. 434 (6th Cir. BAP 2007) ..................................................................... 5

*In re Zenith Electronics Corporation*, 329 F.3d 338 (3d Cir. 2003) ........................................... 4

## STATUTES

28 U.S.C. § 158(a) ........................................................................................................................ 2

The FINOVA Group, Inc. ("FNV Group") and FINOVA Capital Corporation (together "FINOVA" or the "Debtors"), hereby submit the following opposition to the *Motion to Dismiss Appeal* [Docket No. 5] (the "Motion") of the Equity Security Holders (the "Equity Committee"). For the reasons stated below, the Motion should be denied as Debtors' appeal is timely.

## I.  Preliminary Statement

1. On or about April 1, 2005, the Debtors filed their *Motion of the Reorganized Debtor for an Order Under Bankruptcy Code 1141 Clarifying Provision of Confirmed Plan of Reorganization* (the "Clarification Motion") [Bankr. Docket No. 22]. The Clarification Motion sought a determination that the Debtors were not required to set aside 5% of Available Cash on account of equity interests so long as the Debtors were insolvent or in financial distress and, since the Debtors would be "forever insolvent," funds previously placed in a segregated fund should be returned to the Debtors for payment of operating expenses, distributions to creditors or other corporate purposes. On or about June 17, 2005, the Bankruptcy Court entered an *Order Directing the United States Trustee to Appoint an Official Committee of Equity Security Holders for a Limited Purpose and Granting Related Relief* (the "Equity Committee Order") [Bankr. Docket No. 48]. Pursuant to the Equity Committee Order, the Equity Committee was appointed for the "limited and exclusive purpose of reviewing and, if it deems appropriate, objecting to" the Clarification Motion. The Equity Committee Order capped the expenses of the Equity Committee at $100,000 (the "Equity Committee Fee Cap"), which was subsequently increased first to $200,000, then to $300,000 and finally to $388,000 (the "Fee Cap Orders"). On June 26, 2007, the Bankruptcy Court entered a final order approving, in full, the Clarification Motion, which effectively ended the Equity Committee's representation. The Equity Committee appealed the Bankruptcy Court's June 26 order and, on July 16, 2007, the Debtors filed a Notice of Cross-Appeal contesting both the Equity Committee Order and the three Fee Cap Orders.

1

2. The Equity Committee is now seeking to dismiss the appeal of the Equity Committee Order and two of the orders increasing the Fee Cap as untimely filed. The Equity Committee asserts that pragmatic considerations dictate a more flexible approach to finality in bankruptcy cases, pursuant to which the Equity Committee Order should be considered a final order. However, the Clarification Motion and the Fee Cap Orders reflect a plain vanilla two party dispute and is similar to an individual adversary proceeding in a bankruptcy case, to which normal standards apply. *See, e.g., Natale v. French & Pickering Creeks Conservation Trust, Inc. (In re Natale)*, 295 F.3d 375, 379 (3d Cir. 2002) ("In assessing the finality of a bankruptcy court order adjudicating a specific adversary proceeding, we apply the same concepts of appealability as those used in general civil litigation."). Moreover, the majority of cases dealing squarely with the issue of the finality of an order granting or denying the appointment of an equity committee have held that the order is interlocutory.

3. The Equity Committee further argues that the Debtors should have appealed each Fee Cap Order separately. Again, the cases cited by the Equity Committee demonstrate that an interim order approving professional fees is not final; however, once the professional's representation has concluded, the order becomes final. Thus, an appeal of an attorney's fee award is proper where, as here, the appeal is launched at the conclusion of the matter. Moreover, the Fee Cap Orders were not measurably akin to order approving professional fees since the Fee Cap Orders were directly related to a particular dispute rather than the overall case.

## II. The Debtors Timely Appealed the Equity Committee Order Because It Was Not a Final Order.

4. The district court has jurisdiction to hear appeals "as of right" from final judgments, orders and decrees and, with leave of the Court, from other interlocutory orders and decrees. 28 U.S.C. § 158(a). The Equity Committee, relying heavily on *In re Armstrong World*

2

RLF1-3209210-1

*Indus., Inc.*, 432 F.3d 507 (3d Cir. 2005) and *In re Northwestern Corp.*, 319 B.R. 68 (D. Del. 2005) argues that this Court should apply a flexible standard of finality and find that the Equity Committee Order was a final order and should have been appealed in June, 2005. Even assuming that this principle applies, given the fact that the Equity Committee and Fee Cap Orders were part and parcel with the Clarification Motion, such flexible standards, as well as ordinary principles of guarding against piecemeal appeals, would dictate that all four orders be considered at the conclusion of the matter.

5.    Moreover, the Equity Committee's argument ignores the fact that the only reported Circuit Court opinion, and the few lower court opinions, dealing squarely with this issue have consistently held that an order appointing an equity committee is not a final order for the purposes of appeal. *See In re Johns-Manville Corp.*, 824 F.2d 176, 179 (2d Cir. 1987) ("a bankruptcy court's denial of a request to appoint an official committee for shareholders is [non-]final even under the more flexible standard of finality applied in bankruptcy cases"); *In re Victory Markets, Inc.*, 195 B.R. 9, 12 (N.D.N.Y. 1996); *Victor v. Edison Bros. Stores, Inc. ("In re Edison Bros. Stores, Inc.)*, 1996 WL 363806 at *2 (D. Del. June 27, 1996).[1] As the Second Circuit explained:

> Orders denying shareholder requests for official committee status do not resolve particular disputes within the overall bankruptcy case; they simply affect the committee structure within which various disputes in the reorganization proceeding will be considered. We conclude that such orders are not appealable to the courts of appeals. Such orders remain reviewable upon appeal from any final order resolving a dispute concerning the group denied appointment of a committee.

*In re Johns-Manville Corp.*, 124 F.2d at 180.

---

[1] The District Court in *Edison Bros.* granted leave to appeal the order appointing the equity committee as a collateral order. *See In re Edison Bros. Stores, Inc.*, 1996 WL 363806 at *3.

6.  The policy set forth by the Second Circuit is even more pertinent in this case given the limited scope of the Equity Committee's appointment. The Bankruptcy Court reinstated the Equity Committee "for the limited and exclusive purpose of reviewing and, if it deems appropriate, objecting to" the Clarification Motion. *See* Equity Committee Order at 2. Thus, much like in a traditional litigation where administrative orders such as the Equity Committee Order would certainly not be final, the Equity Committee's representation was directly tied to the Clarification Motion, and it makes little sense to go forward with piecemeal appeals regarding administrative issues such the appointment itself.

7.  The Equity Committee further relies on the procedural underpinnings in the Third Circuit's opinion in *In re Zenith Electronics Corporation*, 329 F.3d 338 (3d Cir. 2003), to suggest that the Third Circuit has reached the opposite conclusion. While *Zenith* is superficially similar, there are a number of differences between the underlying procedures in *Zenith* and this case. First, the equity committee appointment order in *Zenith* was entered at the outset of the case and appointed a committee for the entire case; whereas here, the Equity Committee was appointed for a limited duration and a limited purpose.[2] Further, as is apparent from the Third Circuit's opinion, the Court of Appeals in *Zenith* did not hear the merits of the appeal of the order appointing an equity committee until after the conclusion of the case. Thus, *Zenith* simply does not stand for the proposition that the appeal of the Equity Committee Order was not timely made.

---

[2] The Equity Committee suggests that the Equity Committee Order is akin to an order granting intervention. That is not entirely accurate as the Committee itself has no right or interest in the subject of the action, rather its members do.

4

## III. The Debtors' Properly Appealed the Fee Cap Orders.[3]

8.  The Equity Committee further argues that this appeal should be dismissed because the Debtors did not timely appeal each order increasing the Equity Committee Fee Cap. The Equity Committee relies on a three cases that are readily distinguishable. In each case cited by the Equity Committee, the order approving fees was for <u>all</u> amounts owing to the professional. S*ee In re Williams*, 357 B.R. 434 (6th Cir. BAP 2007) (appealing order denying fee enhancement of chapter 7 debtor's attorney); *Novak v. Teitlebaum, Braverman & Borges, P.C. (In re Novak)*, 2004 WL 2338126 (2d Cir. Oct. 15, 2004) (appealing order awarding fees to chapter 11 debtors' counsel following confirmation of a plan of reorganization).

9.  One of the cases cited by the Equity Committee supports the Debtors' position. *See In re Spillane*, 884 F.2d 642 (1st Cir. 1989). In *Spillane*, a district court in Rhode Island transferred a chapter 13 bankruptcy case to California on the recommendation of the bankruptcy court. The debtor appealed the decision and the district court appointed a trustee solely for the purpose of considering the venue issue. *Id.* at 645. Following the conclusion of the appeal, the district court granted the trustee's application for fees. The debtor appealed the fee award. The First Circuit first considered its jurisdiction. The Court noted that the fee applications were interim, and, thus under traditional considerations of finality were not final orders. *Id.* ("It is generally held that an interim award of attorney's fees . . . is not final."). However, the Court found that the awards should be treated as final because (i) the trustee was appointed solely in

---

[3] It should be noted that the Equity Committee Order, which set the first cap, and the first two Fee Cap Orders did not approve fees but only set caps. The only order that dealt with the fees themselves was the third Fee Cap Order, which has been appealed and the Equity Committee conceded is a timely appeal. In connection with the third Fee Cap Order, the Debtors raised objections to the fees themselves. The Court ruled in favor of the Debtors on some of these objection. At no time did the Equity Committee suggest that some of the objections were not timely because of the first and second Fee Cap Orders. The Committee thus implicitly recognized that those orders were not final.

respect of the venue issue, which had ended, and (ii) the case had moved to California, which terminated the trustee's services. *Id.* at 650. Here, the equivalent point in the case was the order granting the Clarification Motion.

10. In a typical case, an immediate appeal of an interim fee request does not lie as of right. See *Cluck v. Osherow (In re Cluck)*, 101 F.3d 1081, 1082 (5th Cir. 1996) ("Every circuit which has addressed this issue has concluded that an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order which is not subject to review"). Here, the Fee Cap Orders were akin to interim fee requests. At no point did the Fee Cap Orders "conclusively determine the total compensation due to counsel, so such decisions are generally not considered final." *Brouwer v. Ancel & Dunlap (In re Firstmark Corp. & Capitol Sec.)*, 46 F.3d 653 (7th Cir. 1995). This is clearly evidenced by the Bankruptcy Court treating the Equity Committee Fee Cap as rolling and continually approving increases.

11. In contrast, where the case is concluded, or the particular matter for which counsel was retained is finished, fee orders become final and appealable. See *In re Spillane*, 884 F.2d at 650. Here, the Equity Committee Order and the Fee Cap Orders are inextricably intertwined with the Clarification Motion. Indeed, the Equity Committee continued to request increases in the Fee Cap through the two years the Clarification Motion was pending. Thus, it is only now that the Clarification Motion has been fully decided and there are no more opportunities for an enhancement of the Equity Committee Fee Cap, that the orders increasing the cap have become ripe for appeal.[4]

---

[4] Furthermore, the Equity Committee Fee Cap was contained in the Equity Committee Order. As set forth above, the Equity Committee Order was not ripe for appeal until the Clarification Motion was fully decided. Because it would be a waste of judicial resources to allow an appeal of a part of an order to proceed while the remainder of the order was considered executory, the Equity Committee's argument, if
(Continued)

12. Moreover, for this Court to consider the appeals of the Fee Cap Orders together with the appeal of the Clarification Order at the end of the case is entirely consistent with the Third Circuit's position on piecemeal appeals in bankruptcy cases. *See, e.g., In re Natale*, 295 F.3d at 378-379 ("Despite that relaxed view of finality in the bankruptcy setting as a whole, the general antipathy toward piecemeal appeals still prevails in individual adversary actions." *citing In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)).

## CONCLUSION

For the reasons stated, the Motion should be denied.

Dated: October 4, 2007
Wilmington, Delaware

_____
Mark D. Collins (No. 2981)
Jason M. Madron (No. 4431)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Telecopy: (302) 651-7701

-and-

Jonathan M. Landers
Robert K. Dakis
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Telecopy: (212) 351-4035

*Co-Counsel to the Reorganized Debtors, Appellants*

---

accepted, would lead to the absurd result of the orders increasing the fee cap being final and immediately appealable while the order setting the cap in the first place was not.

## CERTIFICATE OF SERVICE

I, Jason M. Madron, do hereby certify that on October 4, 2007 a copy of the foregoing **Objection of Finova Group, Inc. and Finova Capital Corp. to Motion to Dismiss Appeal** was served on the parties on the attached list and in the manner indicated thereon.

Jason M. Madron (Bar No. 4431)

RLF1-3209356-1

*FINOVA Capital Corporation - Service List*
*Local via Hand Delivery /  Non-Local via First Class Mail*

David Buchbinder
Office of the United States Trustee
844 King St., Suite 2313
Lockbox 35
Wilmington, DE 19801 USA

William D. Sullivan
4 East 8th Street, Suite 400
Wilmington, DE  19801

Howard A. Cohen
Reed Smith LLP
1201 N. Market St., Suite 1500
Wilmington, DE 19801

Martin Bienenstock
Weil, Gotshal & Manges LLP
767 Fifth Ave.
New York, NY 10153

Jonathan M. Landers, Esq.
Robert J. Dakis, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Ave.
New York, NY 10166

Mark D. Silverschotz
James Andriola
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020

J. Richard Tucker
Maron Marvel Bradley
& Anderson, P.A.
1201 North Market Street, Suite 900
Wilmington, DE  19801