IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| THE FINOVA GROUP, INC., | ) | Case No. 01-00698 (PJW) |
| FINVOA CAPTIAL CORPORATION, | ) | |
| | ) | Jointly Administered |
| Reorganized Debtors. | ) | |
| | ) | |
| Finova Group Inc. and | ) | |
| Finova Capital Corporation, | ) | |
| | ) | Civil Action No. 07-487 (JJF) |
| Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Official Committee of Equity Securities | ) | Bankruptcy Case No. 01-698 |
| Holders, | ) | AP 07-74 |
| | ) | |
| Appellee. | ) | |
| | ) | |

## REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL

William D. Sullivan (No. 2820)
WILLIAM D. SULLIVAN, LLC
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195

Mark D. Silverschotz, Esq.
James M. Andriola, Esq.
Han J. Ahn, Esq.
ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020-1182
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

Attorneys for Appellee, the Official
Committee of Equity Security Holders

October 11, 2007

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................... 1

ARGUMENT ...................................................................................................................... 1

THIS COURT SHOULD DISMISS ANY APPEAL OF: (i) THE APPOINTMENT ORDER;
(ii) THE DECEMBER 30, 2005 FEE CAP ORDER; AND (iii) THE FEBRUARY 6, 2007
FEE CAP ORDER ................................................................................................................ 1

   A.  **The Debtors' Appeal Of The Appointment Order Is Untimely** ................................... 2

   B.  **The Appeals Of The Fee Cap Orders Are Untimely** ...................................................... 3

CONCLUSION .................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page**

### CASES

*In re Amatex,*
 755 F.2d 1034 (3d Cir. 1985)..................................................................................3

*In re Armstrong World Indus. Inc.,*
 No. 05-1881, 2005 WL 3544810 (3d Cir. Dec. 29, 2005)............................................2

*Hylland v. Northwestern Corp. (In re Northwestern Corp.),*
 319 B.R. 68 (D. Del. 2005)..........................................................................................3

*In re Johns-Manville Corp.,*
 824 F.2d 176 (2d Cir. 1987).........................................................................................2

*In re Marin Motor Oil, Inc.,*
 89 F.2d 445 (3d Cir. 1982), cert denied, 459 U.S. 1206 (1983) ...................................3

*Rehkop v. Berwick Healthcare Corp.,*
 95 F.3d 285 (3d Cir. 1996)..........................................................................................2

*In re Zenith Elec. Corp.,*
 329 F.3d 338 (3d Cir. 2003).........................................................................................2

### STATUTES

11 U.S.C. § 331...............................................................................................................4

ii

## INTRODUCTION

The Cross-Appellee, the Official Committee of Equity Security Holders (the "Equity Committee"), on behalf of the shareholders (the "Equity Holders") of Finova Group, Inc., the corporate parent of Finova Capital Corporation (collectively, the "Debtors" or "Reorganized Debtors"), by and through its undersigned counsel, submits this reply to the objection of the Debtors dated October 4, 2007 (D.I. 6) which was filed in opposition to the Equity Committee's motion to dismiss as untimely the Debtors' appeal from the Appointment Order (Bankr. D.I. 48), the December 30, 2005 Fee Cap Order (Bankr. D.I. 93) and the February 6, 2007 Fee Cap Order (Bankr. D.I. 205).[1]

## ARGUMENT

### THIS COURT SHOULD DISMISS ANY APPEAL OF: (i) THE APPOINTMENT ORDER; (ii) THE DECEMBER 30, 2005 FEE CAP ORDER; AND (iii) THE FEBRUARY 6, 2007 FEE CAP ORDER

In opposing the Equity Committee's dismissal motion, the Debtors do not dispute that: (i) their notice of appeal with respect to the Appointment Order (entered on June 16, 2005), the December 30, 2005 Fee Cap Order and the February 6, 2007 Fee Cap Order was not filed *until July 16, 2007*; and (ii) they never sought an extension of the 10-day appeal period with respect to any of these orders. Rather, the Debtors argue that the subject orders were not "final" and appealable as of right when entered. As set forth in the Equity Committee's opening brief, and discussed further below, the applicable case law does not support the Debtors' position.

As an initial matter and contrary to the Debtors' position, this Court has already determined that in addressing the issue of finality *in this case*, it "is required to take a flexible,

---

[1] These orders were defined in the Equity Committee's opening brief. Further, "Bankr. D.I." refers to the docket of the Bankruptcy Court in case no. 01-00698-PJW and "Bankr. (Case No. 697) D.I." refers to the docket of the Bankruptcy Court in case no. 01-00697-PJW.

pragmatic approach." *In re Finova Capital Corp.* Mem. Opinion, at 3, Apr. 3, 2006 (Farnan, J.) (citing *In re Armstrong World Indus. Inc.*, No. 05-1881, 2005 WL 3544810, *3 (3d Cir. Dec. 29, 2005) (Bankr. D.I. 121).

## A.    The Debtors' Appeal Of The Appointment Order Is Untimely

The Equity Committee's opening brief established that in the Third Circuit, an order of the Bankruptcy Court directing the U.S. Trustee to appoint an official committee of equity security holders is appealable immediately and as of a right. *See In re Zenith Electronics Corporation*, 329 F.3d 338 (3d Cir. 2003) (appeal of equity committee appointment order heard on the merits where notice of appeal was filed within four (4) days of entry of the order and bankruptcy case did not conclude until months later). In opposition, the Debtors argue that while *Zenith* is "superficially similar" to the present case, this Court should follow the Second Circuit's contra decision in *In re Johns-Manville Corp.*, 824 F.2d 176, 179 (2d Cir. 1987). *See* Debtors' Obj. to Dismissal Motion (D.I. 6) at ¶¶ 5 and 7. The Debtors, however, have completely failed to demonstrate why this Court should disregard controlling Third Circuit precedent. *See Rehkop v. Berwick Healthcare Corp.*, 95 F.3d 285, 291 (3d Cir. 1996) (holding that the Third Circuit Court of Appeals was bound to follow its prior decision even though other Courts of Appeals had disagreed with the decision where neither the Supreme Court nor Congress had spoken on the issue).

Moreover, the applicable and key facts from *Zenith* are more than just "superficially similar" to the facts in the present case, they are indistinguishable. In *Zenith*, the U.S. Trustee's ***immediate appeal*** of an order appointing an equity committee was ***not*** dismissed as being a non-final or interlocutory order. Thus, it was, by definition, "final" and appealable. Based on the controlling precedent of *Zenith*, the Appointment Order at issue in the present case was final and appealable when entered. The Debtors' efforts to distinguish *Zenith* are

unavailing. For example, it is completely immaterial that "the Court of Appeals did not hear the merits of the appeal of the order appointing the equity committee until after the conclusion of the case." Debtors' Obj. to Dismissal Motion (D.I. 6) at ¶ 7. The crucial fact is that the appointment order was final and appealable when entered and there is nothing that the Debtors can point to in *Zenith* that would demonstrate otherwise.[2]

Finally on this topic, the Equity Committee's opening brief demonstrated that, based on the relevant factors articulated by this Court in *Hylland v. Northwestern Corp. (In re Northwestern Corp.)*, 319 B.R. 68, 72 (D. Del. 2005), the Appointment Order was a final and appealable order when entered on June 16, 2005. The Debtors' opposition completely ignores these factors and the Equity Committee's analysis of same. In this regard, it is obvious that the interests of judicial economy would have been served by having a determination in 2005 as to whether the Bankruptcy Court was correct in issuing the Appointment Order, as opposed to waiting two years to appeal such determination. As stated in the opening brief, were this Court to entertain an appeal of the Appointment Order at this time and reverse the Appointment Order as requested, such a decision would moot and/or render worthless over two years of efforts by the Equity Committee and its professionals.

**B.    The Appeals Of The Fee Cap Orders Are Untimely**

In opposition, the Debtors argue that the December 30, 2005 Fee Cap Order and the February 6, 2007 Fee Cap Order were not appealable when entered because they "were akin

---

[2] Also, citing *In re Amatex*, 755 F.2d 1034 (3d Cir. 1985) and *In re Marin Motor Oil, Inc.*,  89 F.2d 445 (3d Cir. 1982), cert denied, 459 U.S. 1206 (1983), the Equity Committee's opening brief showed that the Third Circuit has held that orders resulting from motions to intervene, which are similar in nature to the motion that lead to the Appointment Order in this case, are appealable. The Debtors' response is that the Equity Committee's assertion as to the similar nature of such orders "is not *entirely* accurate." Debtors' Obj. to Dismissal Motion (D.I. 6) at ¶ 7, n. 2 (emphasis added). In other words, the Debtors concede that an order granting a motion to intervene is, *for the most part*, similar in nature to the Appointment Order in this case.

to interim fee requests." Debtors' Obj. to Dismissal Motion (D.I. 6) at ¶ 10 (citations omitted).

However, the "interim compensation" requests of the kind the Debtors are apparently referring to

are governed by 11 U.S.C. § 331, which is a distinct statutory provision governing compensation

in the pre-confirmation setting. The Debtors cite to no authority to support their proposition that

"interim compensation" requests under 11 U.S.C. § 331 (and the obvious lack of finality of such

*interim* requests) apply to the present case. Moreover, neither the December 30, 2005 Fee Cap

Order nor the February 6, 2007 Fee Cap Order are identified in any way as "interim," or

contemplate any further adjudication as to the relief set forth therein. And, in fact, the Debtors

paid the Equity Committee's professionals in full for the fees incurred that were permitted under

both the December 30, 2005 Fee Cap Order and the February 6, 2007 Fee Cap Order.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Equity Committee respectfully requests that this Court enter an order: (i) dismissing the Debtors' appeal of the Appointment Order, the December 30, 2005 Fee Cap Order and the February 6, 2007 Fee Cap Order as untimely; and (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated: October 11, 2007
      Wilmington, Delaware

                           **WILLIAM D. SULLIVAN, LLC**

                           */s/ William D. Sullivan*
                           William D. Sullivan (No. 2820)
                           4 East 8th Street, Suite 400
                           Wilmington, DE  19801
                           Tel:  (302) 428-8191
                           Fax:  (302) 428-8195

                               -- and --

                           **ANDERSON KILL & OLICK, P.C.**
                           Mark D. Silverschotz, Esq.
                           James Andriola, Esq.
                           1251 Avenue of the Americas
                           New York, NY  10020-1182
                           Tel:  (212) 278-1000
                           Fax:  (212) 278-1733

## CERTIFICATE OF SERVICE

I, William D. Sullivan, certify that I am not less than 18 years of age, and that on this 11th day of October 2007, I caused a copy of the foregoing *Reply in Support of Motion to Dismiss Appeal* to be served upon the parties listed below in the manner indicated.

**HAND DELIVERY**
Mark D. Collins
Richards Layton & Finger
One Rodney Square
Wilmington, DE  19801

**FIRST CLASS MAIL**
Jonathan M. Landers, Esq.
Paul Guillotte, Esq.
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY  10166

Under penalty of perjury, I hereby declare that the foregoing is true and correct.

*October 11, 2007*
Date

*/s/ William D. Sullivan*
William D. Sullivan