IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| THE FINOVA GROUP, INC., and ) | Case No. 01-0698 (PJW) |
| FINOVA CAPITAL CORPORATION, ) | |
| ) | Jointly Administered |
| Reorganized Debtors. ) | |
| ) | |
| THE OFFICIAL COMMITTEE OF EQUITY ) | |
| SECURITY HOLDERS of FINOVA GROUP, INC.) | |
| ) | |
| Appellant, ) | Civil No. 07-480 (JJF) and 07-487 (JJF) |
| ) | |
| v. ) | Bankruptcy Case No. 01-698 |
| ) | AP 07-70 |
| THE FINOVA GROUP, INC., and ) | |
| FINOVA CAPITAL CROPORATION, ) | |
| ) | |
| Appellees. ) | |
| ) | |

**REPLY TO DEBTORS' RESPONSE TO APPELLANT'S MOTION TO STRIKE**

William D. Sullivan (No. 2820)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
email: bill@williamdsullivanllc.com

-- and --

ANDERSON KILL & OLICK, P.C.
Mark D. Silverschotz, Esq.
James Andriola, Esq.
Han J. Ahn, Esq.
1251 Avenue of the Americas
New York, NY 10020-1182
Tel: (212) 278-1000
Fax: (212) 278-1733

Dated: December 31, 2007
       Wilmington, Delaware

*Attorneys for Appellant,*
*The Official Committee of Equity Security*
*Holders of Finova Group Inc.*

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

PRELIMINARY STATEMENT ....................................................................................... 1

THE NATURE AND STAGE OF THE PROCEEDINGS................................................ 2

ARGUMENT..................................................................................................................... 4

    A.    The Debtors' "Cross-Appeal" Was Improper ............................................ 4

    B.    The Motion to Strike Should be Granted .................................................. 6

CONCLUSION.................................................................................................................. 8

# TABLE OF AUTHORITIES

## CASES

Page

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litig.*,
   418 F.3d 372 (3d Cir. 2005)..................................................................................5

*Elfman Motors, Inc. v. Chrysler Corp.*,
   567 F.2d. 1252, 1253 (3d Cir. 1977) .....................................................................5

*Johnson v. Carpenter*,
   718 S.W.2d 434 (Ark. 1986)..................................................................................4

*Novak v. Teitelbaum, Braverman & Borges, P.C. (In re Novak)*,
   No. 03-5070, 2004 WL 2338126 (2d Cir. Oct. 15, 2004).......................................5

*In re Spillane*,
   884 F.2d 642 (1st Cir. 1989)..................................................................................6

*In re Williams*,
   357 B.R. 434 (B.A.P. 6th Cir. 2007).......................................................................5

## RULES

Delaware Local Rule 7.1.3(a)(4) .........................................................................................6

Fed. R. Bankr. P. 8002........................................................................................................4

Fed. R. Bankr. P. 8009.....................................................................................................1,4

## INTRODUCTION

The Appellant, the Official Committee of Equity Security Holders (the "Equity Committee"), on behalf of the shareholders (the "Equity Holders") of Finova Group, Inc., the corporate parent of Finova Capital Corporation (collectively, the "Debtors" or "Reorganized Debtors"), by and through its undersigned counsel, submits this reply to Debtors' Response to Appellant's Motion to Strike and answering brief ("Response to Motion to Strike") (D.I. 28), dated December 21, 2007.

## PRELIMINARY STATEMENT

Debtors' Response to Motion to Strike is inherently flawed. In the first instance, Debtors' response incorrectly presupposes that their self-styled "cross-appeal" is timely and proper. Debtors conveniently ignore the fact that the status of what they denominated a "cross-appeal" remains hotly in dispute. Specifically, Debtors disregard the fact that the Equity Committees' motion to dismiss is fully briefed and remains *sub judice* before the Court.

Moreover, the October 1, 2007 Scheduling Order filed on the Appeal Docket and stipulated to by the parties contains no reference to briefing in the cross-appeal. (D.I. 11). To date, the Briefing Schedule was **not** filed on the Cross-Appeal Docket.[1] Further, even if the "cross-appeal" was ultimately found to be procedurally proper, which the Equity Committee disputes, the Local Delaware Rules offer no guidance and Bankruptcy Rule 8009 is silent with regards to cross-appeal briefing where a motion to dismiss is pending. Accordingly, the Court

---

[1] The Stipulation to Extend the October 1 Scheduling Order, filed November 19, 2007, just two days prior to the Debtors' filing of its Answering Brief (which includes the cross-appeal issues), likewise does not reference any briefing on the cross-appeal. It references the Debtors' "Answering Brief" and the Equity Committee's "Reply Brief" but does not reference Finova's "Reply Brief," which it is entitled to file on a cross appeal pursuant to Fed. R. Bankr. P. 8009 (and which it ultimately filed on December 26, 2007). The Equity Committee's efforts to resolve this issue without motion practice received no response.

should grant the Motion to Strike and the parties' briefs on the cross appeal issues should be filed and considered separately. In the alternative, should the Court deny both the motion to dismiss and the motion to strike, all substantive issues on all matters are fully briefed, and the Court may simply treat matters as complete and proceed to resolve them on the merits.

## THE NATURE AND STAGE OF THE PROCEEDINGS

On or about July 6, 2007, the Equity Committee filed its Notice of Appeal of the First Clarification Order[2] and the Final Clarification Order.[3] The Equity Committee's appeal was assigned Civil Action No. 07-480 (the "Appeal Docket") by this Court. On or about July 16, 2007, the Debtors filed a Notice of Cross Appeal addressing four separate orders (Bankr. D.I. 231).[4] The Debtors' self-styled "cross-appeal" is in reality an entirely separate appeal and should not have been labeled a "cross-appeal" in the first place. The Debtors' appeal was assigned its own case number in this Court, Civil Action No. 07-487 (the "Cross-Appeal Docket"). The Debtors had never sought an extension of the 10-day appeal period with respect to the Appointment Order, the December 30, 2005 Fee Cap Order, or the February 6, 2007 Fee Cap Order and therefore, the time in which to appeal said orders had long expired. For these

---

[2] Order Regarding Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan entered by the Bankruptcy Court on February 1, 2006 (Bankr. D.I. 100).

[3] Order Granting Debtors' Motion Requesting Clarification of Confirmed Chapter 11 Plan of the United States Bankruptcy Court for the District of Delaware, dated June 26, 2007 (Bankr. D.I. 220).

[4] The four orders are: (1) the July 6, 2007 Order Pursuant to Section 328 of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses which Can be Incurred on Behalf of the Equity Committee (the "July 6, 2007 Fee Cap Order") (Bankr. D.I. 225); (2) the February 6, 2007 Order Pursuant to Section 328 of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses which Can be Incurred on Behalf of the Equity Committee (the "February 6, 2007 Fee Cap Order") (Bankr. D.I.. 205); (3) the December 30, 2005 Order Pursuant to Section 328 of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses which Can be Incurred on Behalf of the Equity Committee (the "December 30, 2005 Fee Cap Order") (Bankr. D.I. 93); and (4) the June 16, 2005 Order Directing the Office of the United States Trustee to Appoint an Official Committee of Equity Security Holders for a Limited Purpose and Granting Related Relief (the "Appointment Order") (Bankr. D.I. 48).

reasons, the Equity Committee filed on the Cross-Appeal Docket, a motion to dismiss the appeals of the Appointment Order, the December 30, 2005 Fee Cap Order, and the February 6, 2007 Fee Cap Order. The Equity Committee's motion to dismiss has been fully briefed and is *sub judice* before this Court.

On October 1, 2007, a Briefing Schedule for Appeal was made an Order of this Court ("Briefing Schedule") (D.I. 11). The Briefing Schedule was filed on the Appeal Docket and ***not*** on the Cross-Appeal Docket. The Briefing Schedule states: "(i) Appellant's Brief due on Monday, October 22, 2007; (ii) Appellee's Answering Brief due on Monday, November 19, 2007; [and] (iii) Appellant's Reply Brief due on Monday, December 3, 2007." *See* Briefing Schedule at ¶ 3.

Pursuant to the Briefing Schedule, the Equity Committee filed the Appellant's Opening Brief ("Opening Brief") (D.I. 17) on October 22, 2007. On November 21, 2007, Debtors filed a Response Brief which included a section entitled "I. Cross-Appeal – The Court Erred In Reconstituting The Equity Committee And Entering The Fee Cap Orders." (D.I. 23) *See* Response Brief at p. 35.

On December 14, 2007, the Equity Committee filed its Motion to Strike portions of the Debtors' Response to Appellant's Opening Brief and Opening Brief on Cross-Appeal which addressed the Debtors' purported "cross-appeal." (D.I. 27). The Equity Committee attached its Cross-Appellee's Response to Cross-Appellant's Opening Brief on Cross-Appeal as an Exhibit to its Motion to Strike. (D.I. 27, Ex. B).

On December 21, 2007, the Debtors filed a Response to Appellant's Motion to Strike and answering brief (D.I. 28). In further complication of the procedural posture, on

December 26, 2007, the Debtors filed their Reply to Cross-Appellee's Response to Opening Brief on Cross Appeal on December 26, 2007. (D.I. 29).

## ARGUMENT

### A. The Debtors' "Cross-Appeal" Was Improper

The Debtors' response includes a section entitled "I. Cross-Appeal – The Court Erred In Reconstituting The Equity Committee And Entering The Fee Cap Orders." *See* Response Brief at p. 35. As set forth in the Equity Committee's Motion to Strike, this section and any arguments concerning the Debtors' "cross-appeal" should not have been included in the Debtors' Response Brief. First, the Equity Committee's appeal is from the First Clarification Order and the Final Clarification Order. Second, since the Debtors were not appealing any aspect of those orders, but rather they were appealing from four other orders, their appeal should not have been labeled a "cross-appeal." *See, e.g., Johnson v. Carpenter*, 718 S.W.2d 434, 437 (Ark. 1986) (holding that appellee's purported cross appeal was in reality an original appeal separate from what was earlier appealed which therefore was untimely). It should be also noted that the Debtors' "cross-appeal" has never, to the Equity Committee's knowledge, been referred to mediation in accordance with this Court's Standing Order dated July 23, 2004. Accordingly, the Debtors' briefing of the merits of their appeal was entirely premature.

In support and justification of Debtors' purported "cross-appeal," Debtors contend they have complied with Bankruptcy Rules 8002 and 8009. *See* Response to Motion to Strike at 4. (D.I. 28). However, Debtors ignore the fact that Rule 8009 is inapplicable if the "cross-

appeal" was improper in the first place, and that the Scheduling Stipulation supercedes the Bankruptcy Rule.[5]

In their Response to the Motion to Strike, Debtors rely heavily on *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, 418 F.3d 372, 377 (3d Cir. 2005) ("Diet Drugs"), however their reliance is misplaced because the merger rule is inapplicable to the case at bar. The Third Circuit, in *Diet Drugs*, cited to its prior ruling in *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d. 1252, 1253 (3d Cir. 1977), which indicated that "the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment". Here, none of the orders subject to the supposed cross-appeal "produced" either the First Clarification Order or the Final Clarification Order. Indeed, the "merger doctrine" would protect the Equity Committee in its main appeal of those two orders (by preventing the Debtors from arguing that the appeal of the First Clarification order was untimely). Contrarily, the orders subject to the "cross-appeal" were based on separate motions that in no way affected the relief sought in the Clarification Motion. Debtors' argument that the orders subject to the "cross-appeal" somehow "produced" the orders on the Clarification Motion is baseless. Further, the Debtors would have this Court believe that it is "readily apparent" that the Equity Committee Order and Fee Cap Orders were interlocutory. *See* Response Brief at 7. However, the "bankruptcy court's order regarding attorney compensation is a final [and therefore] appealable order." *In re Williams*, 357 B.R. 434 (B.A.P. 6th Cir. 2007); *see also Novak v. Teitelbaum, Braverman & Borges, P.C. (In re Novak)*, No. 03-5070, 2004 WL 2338126 (2d Cir. Oct. 15, 2004) (holding that joint debtor's were required to appeal bankruptcy court's

---

[5] Bankruptcy Rule 8009 provides, in pertinent part, "Unless the district court or the bankruptcy appellate panel by local rule or *by order* ... specifies different time limits..." FED. R. BANKR. P. 8009(a) (emphasis added).

order awarding attorney fees to appointed counsel within 10-days); *In re Spillane*, 884 F.2d 642 (1st Cir. 1989) (holding that order awarding attorney fees was final because attorney for trustee was specifically appointed to handle appeal regarding transfer of venue).

### B.     The Motion to Strike Should be Granted

The Equity Committee moved to strike portions of Appellee's Response to Appellant's Opening Brief and Opening Brief on Cross-Appeal which improperly and prematurely addressed Debtors' Cross-Appeal. In return, Debtors argue that the Equity Committee's response to the Debtors' cross-appeal was improper and untimely and contend that the Equity Committee failed to comply with applicable procedural rules. *See* Debtors' Response to Motion to Strike at 1, 8. However, Debtors' Response to the Motion to Strike is not well founded.

Delaware Local Rule 7.1.3(a)(4) provides that "no opening or answering brief shall exceed 40 pages, and no reply brief shall exceed 20 page...," but is silent as to the applicable page limitation governing reply briefs that encompass responses to opening briefs on cross-appeal.[6]

Further it should be noted that the convoluted procedural posture of this case including timeliness of responses, page limitations and whether the cross-appeal was properly filed, is secondary in importance to whether the Debtors' separate appeal should be dismissed in the first instance. To date, and as the Debtors have agreed, the motion to dismiss has been fully

---

[6] To the extent this Court even considers the Debtors' argument that the Equity Committee's response to the merits of the Debtors' cross-appeal (Exhibit B to the Motion to Strike) was an impermissible, additional brief filed without leave of Court, then the Equity Committee respectfully requests that the Court grant any and all relief necessary for it to accept the Equity Committee's response as filed. It should be noted that, while the Debtors are quick to argue that the Equity Committee has exceeded the page limits for reply briefs (Response to Motion to Strike at 8), they failed to show any prejudice or note that even if combined, the Equity Committee's substantive responses to both Debtors' briefs amount to only 27 pages.

briefed and is *sub judice* before this Court. The apparent procedural confusion should not preclude the Court from reaching a resolution on the merits.

Finally, although the Equity Committee remains of the view that the improper portions of the Debtors' Response Brief should be stricken, the Equity Committee respectfully submits that this Court should consider the Equity Committee's response to the Debtors' "cross-appeal" (D.I. 27, Ex. B) in the event it denies the Motion to Strike. As discussed in detail in the Motion to Strike and above, the Equity Committee should not be penalized for the Debtors' premature or untimely briefing on the merits of their "cross-appeal" as well as Debtors' non-filing of the Scheduling Stipulation on their appeal's docket. Accordingly, the Court should grant the Motion to Strike, or in the alternative, consider the Equity Committee's response to the Debtors' cross-appeal, especially in light of the Debtors' recent submission of their 10-page Reply to Cross-Appellee's Response to Opening Brief on Cross-Appeal. (D.I. 29).[7]

The Debtors' briefing on the merits of their cross-appeal was either premature or, if dismissed, moot. Therefore, the Equity Committee submits that the Court should strike those portions of Appellee's Response to Appellant's Opening Brief and Opening Brief on Cross-Appeal (D.I. 23), which address the Debtors' inaccurately labeled "Cross-Appeal." In the alternative, since all substantive issues on all matters are fully briefed, should the Court deny both the motion to dismiss and the motion to strike it may simply treat matters as complete and proceed to resolve them on the merits.

---

[7] It is submitted that the Debtors' can not have it both ways. The net consequence of their "cross-appeal" can not simply be that the Debtors get an extra 20 pages in their reply brief on the "cross-appeal" while insisting that the Equity Committee is limited to the briefing in the main appeal.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Equity Committee respectfully requests that this Court enter an order: (i) striking those portions of Appellee's Response to Appellant's Opening Brief and Opening Brief on Cross-Appeal (D.I. 23), which address the Debtors inaccurately labeled "Cross-Appeal;" (ii) in the alternative, since all substantive issues on all matters are fully briefed, should the Court deny both the motion to dismiss and the motion to strike, treating matters as complete and proceed to resolving them on the merits; and (iii) granting such other and further relief as may be just and proper under the circumstances.

Dated: December 31, 2007
      Wilmington, Delaware

**WILLIAM D. SULLIVAN, LLC**

*/s/ William D. Sullivan*
William D. Sullivan (No. 2820)
4 East 8th Street, Suite 400
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
email: bill@williamdsullivanllc.com

-- and --

**ANDERSON KILL & OLICK, P.C.**
Mark D. Silverschotz, Esq.
James Andriola, Esq.
1251 Avenue of the Americas
New York, NY 10020-1182
Tel: (212) 278-1000
Fax: (212) 278-1733

## CERTIFICATE OF SERVICE

I, William D. Sullivan, do hereby certify I am not less than 18 years of age and that on this 31st day of December 2007, I caused a copy of the foregoing *Reply to Debtors' Response to Appellant's Motion to Strike* to be served upon the parties listed below in the manner indicated.

| **HAND DELIVERY** | **FIRST CLASS MAIL** |
|---|---|
| Mark D. Collins, Esq | Jonathan M. Landers, Esq. |
| Richards Layton & Finger | Paul Guillotte, Esq. |
| One Rodney Square | Gibson Dunn & Crutcher LLP |
| Wilmington, DE 19801 | 200 Park Avenue |
|  | New York, NY 10166 |
| **HAND DELIVERY** | **FIRST CLASS MAIL** |
| David L. Buchbinder, Esq. | James Gadsden, Esq. |
| Office of the U.S. Trustee | Carter Ledyard & Milburn, LLP |
| J. Caleb Boggs Federal Building | 2 Wall Street |
| 844 King Street, Suite 2207 | New York, NY 10005 |
| Wilmington, DE 19801 |  |

Under penalty of perjury, I declare that the foregoing is true and correct.

*December 31, 2007*  /s/ *William D. Sullivan*
Date  William D. Sullivan