IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : Chapter 11 |
| | : |
| THE FINOVA GROUP, INC., | : Case No. 01-0698 |
| FINOVA CAPITAL CORPORATION, | : Jointly Administered |
| | : |
| Reorganized Debtors. | : |
| | : |
| THE FINOVA GROUP, INC. and | : |
| FINOVA CAPITAL CORPORATION, | : |
| | : |
| Appellants, | : |
| | : |
| v. | : Civil Action No. 07-487-JJF |
| | : |
| OFFICIAL COMMITTEE OF EQUITY | : |
| SECURITIES HOLDERS, | : |
| | : |
| Appellee. | : |

Mark D. Collins, Esquire, Rebecca L. Booth, Esquire, Etta R. Wolfe, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.
Jonathan M. Landers, Esquire and Robert K. Dakis, Esquire of GIBSON, DUNN & CRUTCHER LLP, New York, New York.

Attorneys for Appellants.

William D. Sullivan, Esquire of WILLIAM D. SULLIVAN, LLC, Wilmington, Delaware.
Mark D. Silverschotz, Esquire; James M. Andriola, Esquire and Han J. Ahn, Esquire of ANDERSON KILL & OLICK, P.C., New York, New York.

Attorneys for Appellee.

**MEMORANDUM OPINION**

February 26, 2008
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is a Motion To Dismiss Appeal (D.I. 5) filed by Appellee, the Official Committee of Equity Security Holders (the "Committee") requesting the Court to dismiss as untimely this appeal by Appellants, Finova Group Inc. and Finova Capital Corp. ("Finova"). For the reasons discussed the Motion will be denied.

I. PARTIES' CONTENTIONS

By its Motion, the Committee contends that Finova's appeal is untimely with respect to three of the four Orders appealed from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"): (1) the June 16, 2005 Order Directing the Office of the United States Trustee to Appoint an Official Committee of Equity Security Holders for a Limited Purpose and Granting Related Relief (the "Appointment Order"); (2) the December 30, 2005 Order Pursuant to Section 328 of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses which Can be Incurred on Behalf of the Equity Committee (the "December 30, 2005 Fee Cap Order"), and (3) the February 6, 2007 Order Pursuant to Section 328 of the Bankruptcy Code Increasing the Cap Previously Imposed on Fees and Expenses which Can be Incurred on Behalf of the Equity Committee (the "February 6, 2007 Fee Cap Order"). The Committee contends that each of these orders was a final, appealable order under the flexible pragmatic approach to appeals required by the Court of Appeals

for the Third Circuit, and therefore, Finova was required to appeal each of those orders within ten days of their entry on the docket. Because Finova waited until July 16, 2007, to file its appeal without requesting an extension of the ten-day appeals period, the Committee contends that the Court lacks jurisdiction over the appeal of the three cited Orders, and therefore, dismissal is required.

In response, Finova contends that none of the Orders challenged by the Committee were final, appealable orders. Finova contends that orders appointing equity committees are not appealable until a final order is entered resolving the dispute concerning the group appointed. Finova also contends that the Fee Cap Orders are akin to interim compensation orders, and such orders are likewise not appealable until the final disposition of the matter in which the fees are sought.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 158(a)(1), the Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" of the Bankruptcy Court. Federal Rule of Bankruptcy Procedure 8002(a) requires such appeals to be filed "within ten days after of the entry of the judgment, order or decree appealed from." Compliance with this ten day limitations period is jurisdictional, and the failure to timely file an appeal deprives the reviewing court of jurisdiction.

In the context of bankruptcy appeals, the Third Circuit has set forth a flexible, pragmatic approach to determining whether an order of the Bankruptcy Court is final. In re West Electronics, Inc., 852 F.2d 79, 81 (3d Cir. 1988). Under this approach, the Court may consider a variety of factors including but not limited to (1) whether the order leaves additional work to be done by the Bankruptcy Court; (2) whether the order implicates purely legal issues; (3) the impact of the Bankruptcy Court's order upon the assets of the debtor's estate; (4) the necessity for further fact-finding on remand to the Bankruptcy Court; (5) the preclusive effect of the District Court's decision on the merits of subsequent litigation; and (6) the furtherance of judicial economy. U.S. v. Pelullo, 178 F.3d 196, 200-201 (3d Cir. 1999); West Electronics, 852 F.2d at 82. A particular number or combination of factors is not required for the Court to conclude that an order is final and appealable.

The finality of orders appointing committees has not been squarely addressed by any appeals courts, except the Court of Appeals for the Second Circuit. In In re Johns-Manville Corp., 824 F.2d 176, 179 (2d Cir. 1987), the Second Circuit concluded that "a bankruptcy court's denial of a request to appoint an official committee for shareholders is [not] final even under the more flexible standard of finality applied in bankruptcy cases." In so concluding, the Second Circuit explained:

3

> Orders denying shareholder requests for official committee status do not resolve particular disputes within the overall bankruptcy case; they simply affect the committee structure within which various disputes in the reorganization proceeding will be considered. We conclude that such orders are not appealable to the courts of appeals. Such orders remain reviewable upon appeal from any final order resolving a dispute concerning the group denied appointment of a committee.

Id. at 180. The rationale set forth by the Second Circuit in Johns-Manville has been followed by this Court in similar circumstances. See Victor v. Edison Bros. Stores, Inc. (In re Edison Bros. Stores, Inc.), 1996 WL 363806, *2 (D. Del. June 27, 1996) (holding that appeal from order denying appointment of equity committee was not final, but concluding that appellate jurisdiction existed under the collateral order doctrine).

The Committee contends that the Court should not adhere to the Second Circuit's rationale, because the Court of Appeals for the Third Circuit has permitted immediate appeals from orders appointing equity committees. In support of its argument, the Committee directs the Court to In re Zenith Corporation, 329 F.3d 338 (3d Cir. 2003), and the procedural underpinnings of that case as relayed by both the Third Circuit and the District Court. In re Zenith Corp., 2002 WL 226242 (D. Del. 2002) (Sleet, J.). In Zenith, the Bankruptcy Court issued an order on August 27, 1999, directing the U.S. Trustee to appoint an official committee of equity security holders. Months before the plan of reorganization was confirmed and within the ten-day

4

jurisdictional limitation for filing appeals, the Trustee filed a notice of appeal.  The Trustee also later appealed a final fee order.  The equity committee sought dismissal of the appeals on the grounds of mootness and equitable mootness, and the District Court considered these issues without discussion in the first instance of whether the orders appealed from were final, appealable orders.  The Third Circuit also considered the appeal without discussion of whether the orders appealed from were final; however, the Third Circuit's decision focused on the fee order and not the order appointing an equity committee.

"The existence of appellate jurisdiction is properly considered only by the reviewing court, or by a court with appellate jurisdiction over the reviewing court."  In re Rheam of Indiana, Inc., 133 B.R. 325, 336 (E.D. Pa. 1991).  Courts are not bound by a prior exercise of jurisdiction in a case where jurisdiction was not questioned and was passed sub silentio.  See e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 119 (1984) ("[When] questions of jurisdiction have been passed on in prior decisions sub silentio, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us.") (quoting Hagans v. Lavine, 415 U.S. 528, 533 n. 5 (1974)); John Doe, Inc. v. Drug Enforcement Admin., 484 F.3d 561, 569 (D.C. Cir. 2007)  ("In any event, this court's lack of comment cannot be construed as sanctioning the

5

district court's earlier assertion of jurisdiction; 'it is well settled that cases in which jurisdiction is assumed <u>sub silentio</u> are not binding authority for the proposition that jurisdiction exists.'"); <u>Main Drug, Inc. v. Aetna U.S. Healthcare, Inc.</u>, 475 F.3d 1228, 1231 (11th Cir. 2007) ("If jurisdictional holdings are explicit they must be followed, not so if they are only implicit.")

    In <u>Zenith</u>, neither the District Court nor the Third Circuit considered the finality of the orders being appealed. Moreover, the Third Circuit's decision in <u>Zenith</u> focuses primarily on the fee order which was described as a final fee order. Accordingly, the Court declines to read the <u>sub silentio</u> exercise of jurisdiction in <u>Zenith</u> as dispositive of the jurisdictional issues raised here. Without direct precedent from the Third Circuit and in light of the compelling rationale of <u>Johns-Manville</u>, the Court is inclined to follow <u>Johns-Manville</u> and conclude that an order appointing or denying an equity committee is not an immediately appealable final order. The order is procedural in nature and does not resolve with finality any dispute among the parties. In these circumstances, judicial economy is served by consideration of the appointment orders at the resolution of the underlying dispute which precipitated them. Accordingly, the Court will deny the Committee's Motion To Dismiss to the extent it applies to the Appointment Order.

As for the Fee Capping Orders, the Court likewise concludes that the orders were not immediately appealable final orders. In the Court's view, the Fee Capping Orders are akin to interim compensation orders which are interlocutory in nature. See e.g., Cluck v. Osherow (In re Cluck), 101 F.3d 1081, 1082 (5th Cir. 1996) ("Every circuit which has addressed this issue has concluded that an interim award of compensation granted by a bankruptcy court in an ongoing bankruptcy proceeding generally is an interlocutory order which is not subject to review."). The fee caps here were continually revisited by the Bankruptcy Court and enhanced with each subsequent order suggesting to the Court that these Orders were not final and appealable at the time they were entered.

In sum, the Court concludes that the Orders appealed from in this case were not final until the conclusion of the matter which precipitated them. Here, that matter was the resolution of the Motion of the Reorganized Debtor for an Order Under Bankruptcy Code 1141 Clarifying Provisions of Confirmed Plan of Reorganization (the "Clarification Motion"). The Clarification Motion has since been resolved and appealed by the Committee, and therefore, Finova has properly sought review, at this time, of the interlocutory orders that were entered during the pendency of the Clarification Motion. Accordingly, the Court will deny the Committee's Motion To Dismiss.

**III. CONCLUSION**

For the reasons discussed, the Court will deny the Motion To Dismiss Appeal filed by the Committee.[1]

An appropriate Order will be entered.

---

[1] The Court understands from briefing in a separate appeal involving these parties that there is a dispute concerning the proper procedure for briefing this appeal. <u>Official Committee of Equity Securities Holders v. Finova Group, Inc., et al.</u>, Civil Action No. 07-480-JJF. Specifically, it appears that Finova has briefed the issues relevant to this appeal in the format of its Answering Brief to the Committee's appeal of the Clarification Order. The Committee has filed a Motion To Strike certain portions of the Answering Brief in Civil Action No. 07-480-JJF, to the extent they relate to this appeal. The Court will address that dispute by separate Order, and if necessary, set a briefing schedule for this appeal by separate Order, as well.